UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-35-JBC

HEATHER HACKNEY, PLAINTIFF,

V.  MEMORANDUM OPINION AND ORDER

DEBRA THIBODEAUX and
PROGRESSIVE DIRECT INSURANCE CO., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Plaintiff's motion to remand. R. 8. The court will grant the Plaintiff's motion and remand the action to state court.

I. Background

The Plaintiff, Heather Hackney, filed this action in the Madison Circuit Court on December 18, 2009, against the Defendants, Debra Thibodeaux ("Thibodeaux"), the allegedly negligent driver, and the Progressive Direct Insurance Company ("Progressive"), the Plaintiff's own insurance company, claiming damages in connection with a motor vehicle accident, which occurred on December 21, 2008 in Madison County, Kentucky. In the complaint, Hackney alleged that as a direct result of the negligence of Thibodeaux, she has suffered severe personal injuries, incurred and will incur

medical expenses, lost wages, suffered an impairment to earn money, and endured and will endure pain and suffering and anguish of mind. Pl. Compl. at ¶¶ 5-9.

Thibodeaux removed this action to federal court on February 2, 2010. In her notice of removal, Thibodeaux alleged that the parties are diverse and that the amount in controversy exceeds the jurisdictional minimum. R. 1 (Notice of Removal); R. 2 (Memorandum in Support of Removal). Hackney moved to remand, arguing that Thibodeaux has failed to carry her burden of proving the federal amount-in-controversy requirement.

**II. Standard of Review: Removal Generally and Applicable Burden of Proof**

At issue is whether the amount in controversy exceeds $75,000, exclusive of interest and costs. In general, a civil case brought in a state court may be removed by a defendant to federal court if the case could have been brought there originally. 28 U.S.C. §1441(a). Under 28 U.S.C. §1332, the federal court has original jurisdiction of those matters where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. "A defendant removing a case has the burden of proving the diversity jurisdiction requirement."[1] *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). Additionally, district

---

[1] The Defendant Thibodeaux attempts to shift her burden to the Plaintiff. For example, at page 2 of her response, Thibodeaux asserts that "Hackney does not state that she seeks less than $75,000.00, exclusive of interest and costs." R. 9.

courts must construe removal petitions narrowly and must resolve any doubts regarding federal jurisdiction in favor of remanding a case to state court. *See Long v. Bando Mfg. of America Inc.,* 201 F.3d 754, 757 (6th Cir. 2000) ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed."); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky. 1990) (quoting *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967)).

In cases like the one at hand, "'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,'" the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000. *King v. Household Finance Corp. II*, 593 F. Supp. 2d 958, 959 (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (emphasis in original)).

**III. Analysis**

A defendant must come forward with competent proof as to the amount in controversy and must set forth specific facts supporting the allegation that the amount in controversy exceeds the jurisdictional amount. *King,* 593 F. Supp. at 959-960 (citing *Gafford*, 997 F.2d at 160), *Davis v. Progressive Direct Ins. Co.*, No. 08-369-JBC, 2009 WL 211040, at *2 (E.D. Ky. Jan. 26, 2009). In attempting to satisfy her burden, Thibodeaux has relied solely on the fair reading of the complaint. In her notice of removal, as

well as her response to the Plaintiff's motion to remand, Thibodeaux claims that the amount in controversy is facially apparent because the Plaintiff is seeking to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature." R. 9 at 3. While this statement indicates that Hackney considers her injuries to be serious, it says nothing about the amount she seeks to recover. Thibodeaux has not cited sufficient facts supporting her assertion that it is "more likely than not" that the Plaintiff's claims will generate damages in excess of $75,000. For example, Thibodeaux did not indicate what type of injury the Plaintiff sustained as a result of the accident, what type of medical treatment was necessary to treat the Plaintiff's injury, or what type of wages were lost or expected to be lost.

Thibodeaux also contends that Hackney asserted that her damages exceed the available liability policy limits of Thibodeaux, and seeks an additional $100,000.00 from Progressive in underinsured coverage for a total amount in controversy that is in excess of $75,000. R. 9, at 3-4. The complaint, however, states that if Hackney's damages exceed the liability insurance coverage of Thibodeaux, then she is entitled to recover up to $100,000 from Progressive. Pl. Compl. at ¶ 13. Entitlement to the underinsured coverage, without competent proof as to the amount of

damages, at best creates a mere possibility that the jurisdictional amount is satisfied. Although Thibodeaux need not show "to a legal certainty" that the amount-in-controversy requirement has been met, she must do more than "'show a mere possibility that the jurisdictional amount is satisfied.'" *Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 829 (6th Cir. 2006) (citing *Gafford*, 997 F.2d at 155).

In short, Thibodeaux has produced no evidence to support her assertion that the amount-in-controversy requirement is satisfied in this case. Thibodeaux chose to rely solely on the fair reading of the complaint, specifically refusing pre-removal discovery as a method "fraught with perils." R. 9 at 4. The fact that a plaintiff may state an amount lower than the federal amount-in-controversy requirement and later recover damages in excess of such amount does not relieve the defendant of her burden. When the defendant is faced with an unspecified amount that is not self-evidently greater or less than the requisite amount in controversy, "it is appropriate to engage in discovery to determine the amount of damages being sought." *Wood v. Malin Trucking, Inc*., 937 F. Supp. 614, 616 (E.D.Ky. 1995). *See also, Minix v. Kawasaki Motors Corp.,* No. 09-90-ART, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009) ("[W]hen the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case."); *King,* 593 F. Supp. 2d at 962. By failing

to engage in this pre-removal discovery or to otherwise investigate the specific monetary amount sought to be recovered through the litigation, Thibodeaux ran the risk of remand. *See Cole,* 728 F. Supp. at 1309.

Thus, because the defendant bears the burden of demonstrating that the amount-in-controversy requirement has been met and because the removal statutes are to be strictly construed and all doubts resolved in favor of remand, Thibodeaux has failed to show that it is "more likely than not" that the amount in controversy exceeded the jurisdictional requirement. Therefore, this court does not have subject matter jurisdiction over the instant cause of action and remand is appropriate.

The defendant, however, might have other opportunities to remove this case. "It is well-established that if a case is remanded to state court for lack of subject matter jurisdiction, it can be removed a second time if new developments - such as discovery responses – reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied." *Minix*, 2009 WL 2212282, at *3.

Accordingly, **IT IS ORDERED** that the Plaintiff's motion to remand (R. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Madison Circuit Court.

6

**IT IS FURTHER ORDERED** that this action is **STRICKEN** form the court's active docket.

Signed on  May 10, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY